# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Benjamin S. Brown,<br>    Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **1:14cv1064 (CMH/TCB)** |
| | ) | |
| R. A. Kleinholz and Officer McWhirter,<br>    Defendants. | ) | |
| | ) | |

### MEMORANDUM OPINION

Benjamin S. Brown, a Virginia inmate proceeding pro se, has filed a civil rights action,

pursuant to 42 U.S.C. § 1983, alleging claims of unlawful search and seizure, false arrest and

malicious prosecution. The matter is before the Court on Defendants' Motion to Dismiss for

Failure to State a Claim, to which plaintiff has filed a Memorandum in Opposition. After careful

consideration, for the reasons which follow, defendants' Motion will be granted, and the

complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### I. Factual Background

Construed in the light more favorable to the plaintiff, the alleged facts giving rise to this

action occurred on August 26, 2012, when plaintiff was driving in the Richmond area and one of

his tires blew out. Am. Compl. at 2. Plaintiff drove his vehicle onto "the embankment off the

side of the roadway" and got out to assess the damage; he was not "pulled over or stopped for

anything." Compl. at 5; Am. Compl. at 7.[1] Officer Kleinholz of the Richmond Police

Department and members of plaintiff's family arrived at the scene simultaneously. Am. Compl.

---

[1] In deference to plaintiff's pro se status, the Court in considering the pending Motion to Dismiss has taken into consideration the allegations in both the Complaint [Dkt. No. 1] and the Amended Complaint. [Dkt. No. 6]

at 2.  As plaintiff was talking with his family members, Officer Kleinholz began to search plaintiff's vehicle without permission.  Compl. at 5.  According to plaintiff, Kleinholz "arrived looking for trouble with the intentions to [harass] and cause problems." Am.Compl. at 7.

Plaintiff saw the officer remove a bag which contained "a single un-open [sic] alcoholic beverage container" from the passenger side of the car, and when plaintiff asked what he was doing Officer Kleinholz stated that he was investigating a call of a reckless driver in the area. Compl. at 5; Am. Compl. at 2.  Members of plaintiff's family and plaintiff himself continued to question Kleinholz as to why he was searching the car, and Kleinholz allegedly "became defensive threatening to lock people up if they didn't be [quiet]."  Am. Compl. at 5.  Kleinholz then began to ask questions about the ownership of the vehicle and who had been driving it, and plaintiff acknowledged that it was his car and he had been driving.  Am. Compl. at 3.  When plaintiff stated that he was the driver, Officer Kleinholz asked if he had been drinking, and plaintiff responded that he bought a beer earlier after he got off work. Compl. at 6.

Officer Kleinholz then requested that plaintiff perform field sobriety tests. Compl. at 6; Am. Compl. at 3.  When plaintiff asked, "For what?," Kleinholz responded that he believed plaintiff had been drinking.  Compl. at 6.  He further stated that if plaintiff refused to perform the field sobriety tests, plaintiff would be arrested on suspicion of driving under the influence. Compl. at 6; Am. Compl. at 3-4.  Plaintiff thereupon performed the field sobriety tests and was given a "PBT" (i.e., Breathalyser test).  Am. Compl. at 4.  During this time, members of plaintiff's family and Kleinholz were "exchanging words."  Compl. at 6.

As a result of this encounter, plaintiff was arrested for driving under the influence of alcohol, in violation of Va. Code §18.2-266, and also was charged with a civil violation of

2

refusal to submit to a breath test in violation of Va. Code §18.2-268.3. Am. Compl. at 4; Def. Ex. A-B. He was taken to the "police lockup," and Officer Kleinholz field a criminal complaint with a magistrate, Def. Ex. C, and a "Declaration and Acknowledgment of Refusal -Breath/Blood Test," Def. Ex. D. In the affidavit, Kleinholz indicated he "arrived at a single crash vehicle scene" where plaintiff "stated that he was coming from work and had blown out a tire." Def. Ex. C. He noted that plaintiff had a "mickey's 24 oz Alcoholic beverage in front passenger floorboard," and that plaintiff "stated he had 1 beer since leaving work 2 hours ago." Id. Kleinholz further indicated that "SFST were started which [plaintiff] failed," and that plaintiff had "refused breath test." Id.

Plaintiff was granted bail and released pending trial. Compl. at 7; Def. Ex. E. Plaintiff states that he then was ordered to report to his parole officer, and his parole was revoked. Compl. at 7. On January14, 2013, plaintiff was found guilty of both offenses charged. Compl. at 7. Plaintiff states that he appealed the convictions and was "acquitted on October 17, 2013, and that he subsequently was "remanded back to jail." Compl. at 7.

Plaintiff further alleges that Officer McWhirter also arrived on the scene of his disabled vehicle, and that McWhirter "assisted in aiding and helping [Officer Kleinholz] violate [plaintiff's] constitutional rights by making a false arrest." Compl. at 5. According to plaintiff, McWhirter "allowed [Kleinholz] to make false reports and didn't step up to challenge them or correct them under he color of law." Id. Plaintiff states that McWhirter did not report witnessing the PBT test being administered to plaintiff, and failed to follow proper procedures when he assisted and observed Kleinholz doing so. Compl. at 5; Am.Compl. at 11-12. Plaintiff asserts that McWhirter's job is to "uphold the truth" and that he is guilty of the same misdeeds as

3

Kleinholz because he did not put a stop to them. Am Compl. at 11-12.

## II. Procedural History

Plaintiff filed the initial complaint in this action on August 13, 2014,[2] alleging that his constitutional rights were violated by Officer Kleinholz's actions, which in plaintiff's view amounted to illegal search and seizure, malicious prosecution, and false arrest. Compl. at p. 4. In addition to Officer Kleinholz, the named defendants were the Commonwealth of Virginia and Ray J. Tarasovic, the Richmond Chief of Police. Plaintiff sought an award of compensatory and punitive damages. By an Order entered on October 21, 2014, deficiencies in the complaint were explained in deference to plaintiff's status as a pro se litigant, and plaintiff was provided with an opportunity to submit a particularized and amended complaint. [Dkt. No. 4] After plaintiff did so [Dkt. No. 6], an Order was entered granting plaintiff's application to proceed in forma pauperis and directing Officers Kleinholz and McWhirter to file responsive pleadings. [Dkt. No. 4] In addition, plaintiff's claims against the Commonwealth of Virginia and Police Chief Ray J. Tarasovic were dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A.

## III. Standard of Review

Rule 12(b)(6) allows a court to dismiss  allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When determining whether a motion to dismiss should be granted, a court focuses on the facts alleged, presumes them to be true, and construes in the light most favorable to the plaintiff.  Chaudhry v. Mobil Oil Corp., 186 F.3d 502, 504 (4th Cir. 1999).  To  survive a 12(b)(6) motion, "a complaint must contain sufficient factual

---

[2]For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). See Compl. at 6.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. However, the principle that a court must accept the allegations in a complaint as true does not extend to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Moreover, a complaint survives a motion to dismiss only if it states a plausible claim for relief; if the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint ... has not 'show[n] that the pleader is entitled to relief." Id.

Where, as here, a plaintiff is unrepresented, "pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice." Leeke v. Collins, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978), citing Rice v. Olson, 324 U.S. 786 (1945). More recently, the Supreme Court has directed that a pro se complaint should not be dismissed summarily unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957).

## IV. Analysis

### A. Plaintiff's Fourth Amendment Claims Against McWhirter are Time-Barred

There is no federal statute of limitations for § 1983 claims, so the state limitations period

which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). While the limitations period is borrowed from state law, "the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). A cause of action accrues under federal law when the plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)).

Here, pursuant to these principles, plaintiff's claims of false arrest, false imprisonment, and any other Fourth Amendment-based claims against Officer McWhirter are time-barred. The Fourth Circuit Court of Appeals holds that a cause of action accrues "when the plaintiff knows or has reason to know of his injury." Owens v. Baltimore City State's Attorney's Office, 767 F.3d 379, 389 (4th Cir. 2014). Claims of false arrest and false imprisonment "where the arrest is followed by criminal proceedings" accrue "at the time the claimant becomes detained pursuant to legal process." Id. Similarly, a claim of an unlawful search accrues at the time the search or seizure takes place, because at that point the plaintiff knows or has reason to know of his injury. Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015). Plaintiff's claims against McWhirter thus accrued at the latest on August 26, 2012, the date on which plaintiff was arrested

pursuant to warrants approved by the magistrate.  Def. Ex. A.[3]  Plaintiff did not submit the

amended complaint in which he first named McWhirter as a defendant until November 25, 2014.

[Dkt. No. 6]  Since by then more than two years had elapsed since the claims accrued, they must

be dismissed as time-barred.

     B.  Plaintiff States No Viable Fourth Amendment Claims Against Either Defendant

     Plaintiff's principal argument in the complaint and amended complaint is that his initial

arrest was not supported by probable cause.   Thus, regardless of the nomenclature he uses to

express his claims, plaintiff essentially is alleging that he was falsely arrested and/or maliciously

prosecuted.  The Fourth Circuit holds that there is no independent § 1983 claim for malicious

prosecution or false arrest, and that a claim that is "analogous to" one of those "common-law

causes of action" is properly understood "as a Fourth Amendment claim for unreasonable seizure

which incorporates some of the elements of the common law tort."[4]   Lambert v. Williams, 223

F.3d 257, 261 (4th Cir. 2000), cert. denied, 531 U.S. 1130 (2001).  In order to establish such a

claim under § 1983, a plaintiff must allege "that the defendant (1) caused (2) a seizure of the

plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings

---

     [3]Matters on the public record can be considered in adjudicating a motion to dismiss without converting it to one for summary judgment. Papasan v. Allain, 478 U.S. 265, 286 (1986). "[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach a document to a motion to dismiss the complaint ... not only documents quoted, relief upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims." Gasner v. Town of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995).

     [4]The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures [.]" U.S. Const. amend. IV. The "touchstone" of the Fourth Amendment is reasonableness. United States v. Knights, 534 U.S. 112, 118 (2001). Thus, the Fourth Amendment  does not bar all searches and seizures, but only those that are "unreasonable." United States v. Reid, 929 F.2d 990, 992 (4th Cir. 1991).

terminated in plaintiff's favor." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012); see also, Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996) (malicious prosecution); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (false arrest).

Here, while the proceedings that stemmed from the incident at issue terminated in plaintiff's favor, his claims against the defendants falter on the requirement that to be actionable they must have lacked probable cause. "[P]robable cause is a fluid concept - turning on the assessment of probabilities in particular factual contexts." Illinois v. Gates, 462 U.S. 213, 232 (1983). To meet this standard there must be "only the probability, and not a prima facie showing, of criminal activity" under the totality of the circumstances. Id. at 235.

Even taking the allegations in the complaint and amended complaint in the light most favorable to plaintiff, Officer Kleinholz had ample probable cause to arrest plaintiff for driving under the influence.[5] Kleinholz was aware that plaintiff had a traffic accident, which involved plaintiff driving his vehicle onto an "embankment off the side of the roadway." Compl. at 5. Kleinholz was in the area because he was investigating a call concerning a reckless driver. Id.; Def. Ex. C. He found an unopened alcoholic beverage in plaintiff's vehicle. Compl. at 5; Am. Compl. at 2.[6] Plaintiff admitted to Kleinholz both that he was the driver of the vehicle and that he had "brought" "a beer" earlier when he got off work. Compl. at 6. Kleinholz administered a

---

[5]As to Officer McWhirter, plaintiff does not allege that the officer took any act that could be construed even generously as a seizure, an arrest, or imprisonment. Thus, if any portions of plaintiff's claims against McWhirter are deemed to have survived the time-bar, they state no claim for which relief is available.

[6]The lawfulness of Kleinholz's search of the vehicle is irrelevant to the existence *vel non* of probable cause. Ware v. James City County, 652 F. Supp.2d 693, 705 (E.D. Va. 2009) ("[T]he fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant.").

series of field sobriety tests to plaintiff and indicated in the subsequent criminal complaint that plaintiff "failed' the tests. Compl. at 6; Def. Ex. C.

In addition to these circumstances and of critical importance, a magistrate issued a warrant based on Kleinholz's statement and a General District Court found plaintiff guilty of the charges after a trial. Def. Ex. A, F. "Once a pretrial seizure has been rendered reasonable by virtue of a probable cause determination by a neutral magistrate, the continuing pretrial seizure of a criminal defendant - either by detention or by bond restrictions - is reasonable." Brooks v. City of Winston-Salem, 85 F.3d 178, 184 (4th Cir. 1996). The fact that plaintiff prevailed on a subsequent appeal does not alter the fact that the findings by two neutral judicial officers conclusively established probable cause.

Lastly, in the context of constitutional tort litigation, intervening acts "of other participants in the judicial system" such as prosecutors, grand juries and judges generally break the chain of causation between misconduct by a police officer and the unlawful seizure of a defendant and thus insulate the officer from liability for the seizure. Evans, 703 F.3d at 647-48. Exceptions to that rule occur when an officer has lied to or misled the prosecutor, has failed to disclose exculpatory evidence to the prosecutor, or has brought undue pressure to bear on the prosecutor to seek the indictment. Id. Plaintiff alleges no such circumstances here. Accordingly, plaintiff fails to state a claim for violation of his Fourth Amendment rights against either defendant.

Nothing in plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss alters that conclusion. Much of what plaintiff argues there stems from the mistaken notion that "defendants are remiss in their reasoning that this case hinges on probable cause." [Dkt. No. 18 at

9

3] In fact, as discussed above, probable cause is the linchpin of the appropriate analysis of plaintiff's claims, and it clearly existed in this case. To the extent that plaintiff makes allegations that defendants "mistreated and abused" him because "a black man must be drunk and disorderly, and a white officer's word is impeachable [sic]" and that the defendants engaged in racial harassment and racial profiling, his assertions are speculative; he offers no facts to substantiate his conclusion that defendants were motivated by racial animus. As it is clear as discussed above that Officer Kleinholz had probable cause to charge plaintiff with suspicion of driving under the influence of alcohol and refusal to submit to a breath test, plaintiff fails to state a claim for which § 1983 relief is available.

### C. Defendants are Entitled to Qualified Immunity

Lastly, even if it were assumed that plaintiff had stated a claim for violation of his constitutional rights against either officer, the claims could not go forward because the defendants are entitled to qualified immunity. Police officers enjoy qualified immunity from civil suits when the performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To ascertain whether the defense applies, a court must determine whether, "[t]aken in the light most favorable to the party asserting the injury," the facts alleged by that party "show the officer's conduct violated a constitutional right." Id. at 201. If it did, the court must then ask whether "it would be clear to an objectively reasonable officer that his conduct violated that right." Id. at 202. The second inquiry turns upon "whether a reasonable [officer] could have believed [the challenged conduct] to be lawful, in light of clearly established law." Meeker v. Edmundson, 415 F.3d 317, 323 (4th Cir. 2005). If

the court finds that a reasonable official could have believed the challenged conduct to be lawful, the officer is entitled to qualified immunity. Id.

Here, applying these principles, defendants are entitled to qualified immunity for their actions with respect to plaintiff and the incident in question. "Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause or exigent circumstances ... and in those situations courts will not hold that they have violated the Constitution." Saucier v. Katz, 533 U.S. 194, 206 (2001). Here, then, even if the existence of probable cause to arrest plaintiff were deemed to be a close question, the defendants would be entitled to qualified immunity from suit for their actions.

## V. Conclusion

For the foregoing reasons, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief." Haines, 404 U.S. at 521. Accordingly, defendants' Motion to Dismiss will be granted, and the action will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. An appropriate Order and judgment shall issue.

Entered this _26th_ day of _Sept._ 2017.

Claude M. Hilton
United States District Judge

Alexandria, Virginia

11